**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

ANDRES EMETERIO TERAN, on behalf of    :
himself and FLSA Collective Plaintiffs,    :
                                        :        19-CV-10134 (OTW)
             Plaintiff,    :
                                         :        **OPINION & ORDER**
            -against-    :

NAI TAPAS RESTAURANT CORP. and RUBEN    :
RODRIGUEZ,    :
                                         :
           Defendants.    :
-------------------------------------------------------------x

      **ONA T. WANG**, **United States Magistrate Judge**:

      Plaintiff Andres Emeterio Teran brings this action against Defendants Nai Tapas

Restaurant Corp. ("Nai Tapas") and Ruben Rodriguez. Plaintiff alleges he was employed by

Defendants as a food runner at Nai Tapas. Compl. ¶ 14. Plaintiff alleges Fair Labor Standard Act

("FLSA") and New York Labor Law ("NYLL") claims. Compl. ¶¶ 25-45. The parties submit their

proposed FLSA settlement agreement to the Court for approval under *Cheeks v. Freeport*

*Pancake House, Inc.*, 796 F.3d 199 (2d Cir. 2015). (ECF 38). All parties have consented to my

jurisdiction in accordance with 28 U.S.C. § 636(c). (ECF36). For the reasons below, the Court

**declines to approve** the settlement. (ECF 38-1).

**I.    Background**

      Plaintiff alleges that he was employed by Defendants as a food runner from September

2011 to May 2019. Compl. ¶¶ 14-15. Plaintiff alleges that he worked in excess of forty hours

per week, but Defendants did not pay him overtime nor the spread of hours premium. Compl.

¶¶ 17-20. Plaintiff also alleges that Defendants did not provide him with proper wage

statements. Compl. ¶¶ 21-21. Further, Defendants allegedly took an improper tip credit. Compl. ¶ 23.

Plaintiff filed his complaint in October 2019. (ECF 1). I referred the parties to mediation in May 2020. (ECF 23). The parties attended mediation on October 23, 2020 and reached a settlement in principle. (ECF 31). The parties filed their fairness submission materials on December 21, 2020. (ECF 38).

## II.    Discussion

Fed. R. Civ. P. 41(a)(1)(A) permits the voluntary dismissal of an action brought in federal court, but subjects that grant of permission to the limitations imposed by "any applicable federal statute." The Second Circuit has held that "in light of the unique policy considerations underlying the FLSA," this statute falls within that exception, and that "stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the [Department of Labor] to take effect." *Cheeks*, 796 F.3d at 206. This Court will approve such a settlement if it finds it to be fair and reasonable, employing the five non-exhaustive factors enumerated in *Wolinsky v. Scholastic Inc*.:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (internal quotations omitted).

### a.    Range of Recovery

Plaintiff alleges a maximum recovery for his wage-and-hour claims to be approximately $62,841.56. (ECF 38 at 2). The proposed settlement amount is $28,200.00. (ECF 38 at 2). Of the

total settlement amount, Plaintiff would receive $18,667.67 and Plaintiff's counsel would receive $9,333.33 for attorneys' fees and costs. (ECF 38 at 3). Plaintiff's settlement amount thus represents approximately 29.7% of Plaintiff's alleged maximum.[1] Given the risks of litigation as noted below, the Court finds this amount reasonable.

### b.  Burden and Risks of Litigation

Settlement enables the parties to avoid the burden and expense of preparing for trial. The parties acknowledge that the factual disputes present in this case present them with risks were they to proceed with litigation. (ECF 38 at 2). Defendants face risk because of the litigation risks and burdens in establishing their respective defenses. (ECF 38 at 2). Plaintiff faces risk because Defendants contend that he worked less and is owed less than alleged. (ECF 38 at 2). With a settlement, Plaintiff can obtain immediate recovery versus a delayed recovery or none at all. (ECF 38 at 2).

### c.  Arm's Length Negotiation

The parties represent that the settlement was a product of an arm's-length negotiation represented by competent and experienced wage and hour counsel. (ECF 38 at 2). The parties

---

[1] When examining the proportion of recovery, courts often look at what Plaintiff would receive rather than the total settlement amount. *See, e.g., Rosario v. Structural Preservation Systems, LLC*, No. 18-CV-83 (HBP), 2019 WL 1383642, at *2 (S.D.N.Y. Mar. 27, 2019); *Rojas v. Bronx Moon LLC*, No. 17-CV-5825 (KMK), 2018 WL 4931540, at *3 (S.D.N.Y. Oct. 10, 2018); *Felix v. Breakroom Burgers & Tacos*, No. 15-CV-3531 (PAE), 2016 WL 3791149, at *2 (S.D.N.Y. Mar. 8, 2016); *Beckert v. Ronirubinov*, No. 15-CV-1951 (PAE), 2015 WL 8773460, at *1 (S.D.N.Y. Dec. 14, 2015). Because one of the primary purposes of a *Cheeks* approval is to protect the employee, I concur with this approach.

further exchanged relevant documents and an open sharing of facts and information. (ECF 38 at 2). There is no evidence to the contrary.

### d.  Risk of Fraud or Collusion

There is nothing in the record to suggest that fraud or collusion played a role in the settlement. Further, Plaintiff is no longer an employee of Defendants, diminishing potential concern that Plaintiff may have been coerced into the settlement by his employer.

### e.  Additional Factors

The release is appropriately limited to claims based on Plaintiff's employment with Defendants. *See Caprile v. Harabel Inc.*, No. 14-CV-6386 (MHD), 2015 WL 5581568, at *2 (S.D.N.Y. Sept. 16, 2015) (finding limitation to employment-related claims sufficiently narrow).

This agreement lacks certain objectionable provisions that courts have found fatal in other proposed FLSA settlements. The proposed settlement agreement contains no confidentiality provision and has already been filed in the public record. *See Thallapaka v. Sheridan Hotel Associates LLC*, No. 15-CV-1321 (WHP), 2015 WL 5148867, at *1 (S.D.N.Y. Aug. 17, 2015) (finding "overwhelming majority" of courts reject confidentiality provisions in FLSA settlements).

The attorneys' fees and costs award of $9,333.33 is reasonable, and represents approximately 33.3% of the total award.[2] Although there is not a proportionality requirement, attorneys' fees settlements generally amount to a third of the settlement award. *See Fisher v. SD Protection, Inc.*, 948 F.3d 593, 603 (2d Cir. 2020) (holding that the FLSA "simply provides for a 'reasonable attorney's fee to be paid by the defendant"); *Singh v. MDB Construction Mgmt.,*

---

[2] Plaintiff is represented by Anne Seelig and C.K. Lee of the Lee Litigation Group, PLLC.

*Inc.*, No. 16-CV-5216 (HBP), 2018 WL 2332071, at *2 (S.D.N.Y. May 23, 2018) (noting that one-third of settlement is "normal rate"); *Rodriguez-Hernandez v. K Bread & Co.*, No. 15-CV-6848 (KBF), 2017 WL 2266874, at *5 (S.D.N.Y. May 23, 2017) ("In this Circuit, courts typically approve attorneys' fees that range between 30 and 33 1/3 %."). In this case, Plaintiff's counsel's fees are reasonable. Counsel began representing Plaintiff in October 2019 and the settlement agreement was negotiated in October and November 2020. In that period, counsel drafted and filed the complaint and conducted discovery. The proposed amount of $9,333.33 is less than the total recorded fees and costs submitted by counsel, which total $22,337.50 for 41.9 hours of work. (ECF 38 at 3; ECF 38-3).

However, the settlement agreement contains a non-disparagement provision. (ECF 38-1 ¶ 6). Courts generally refuse to approve such provisions in FLSA settlements. *See, e.g.*, *Martinez v. Gulluoglu LLC*, No. 15-CV-2727 (PAE), 2016 WL 206474, at *1 (S.D.N.Y. Jan. 15, 2016) (finding non-disparagement provisions generally contravene the FLSA's purpose); *Gaspar v. Pers. Touch Moving, Inc.*, No. 13-CV-8187 (AJN), 2015 WL 7871036, at 83 (S.D.N.Y. Dec. 3, 2015) (Non-disparagements provisions "prevent the spread of information about FLSA actions to other workers (both employees of Defendants and others), who can then use information to vindicate their statutory rights."). If a provision broadly bars a plaintiff from making any negative comments about defendants, like the Settlement Agreement herein, "it must include a carve-out for truthful statements about plaintiffs' experience litigating their case." *Lopez v. Nights of Cabiria, LLC*, 96 F. Supp. 3d 170, 180 n.65 (S.D.N.Y. 2015); *see also Lazaro-Garcia v. Sengupta Food Servs*, No. 15-CV-4259 (RA), 2015 WL 9162701, at *3 (S.D.N.Y. Dec. 15, 2015).

The provision herein contains no such carve-out. As written the Court will not approve the settlement agreement.

III.    **Conclusion**

For the foregoing reasons, the Court **declines to approve** the proposed Settlement Agreement because of the overly restrictive non-disparagement provision. Parties are directed to file a revised a settlement agreement by **April 8, 2021**.


         **SO ORDERED.**


                                                          *s/ Ona T. Wang*
Dated: March 25, 2021                             **Ona T. Wang**
       New York, New York                          United States Magistrate Judge